Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back       Location : All Courts   Help

# REGISTER OF ACTIONS
### CASE NO. 2017DCV0862

| | |
|---|---|
| Luis Ortega, Claudine Ortega VS Metropolitan Lloyds Insurance Company of Texas, Frank Savage | Case Type: Deceptive Trade Practices<br>Date Filed: 03/14/2017<br>Location: County Court at Law 3 |

## PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| Defendant | Metropolitan Lloyds Insurance Company of Texas | | DENNIS D CONDER<br>*Retained*<br>214-748-5000(W) |
| Defendant | Savage, Frank | | |
| Plaintiff | Ortega, Claudine | | Thomas Mason Furlow<br>*Retained*<br>210-910-4501(W) |
| Plaintiff | Ortega, Luis | | Thomas Mason Furlow<br>*Retained*<br>210-910-4501(W) |

## EVENTS & ORDERS OF THE COURT

OTHER EVENTS AND HEARINGS

| | | | |
|---|---|---|---|
| 03/14/2017 | Original Petition (OCA)   Doc ID# 1 | | |
| 03/14/2017 | E-File Event Original Filing | | |
| 03/14/2017 | Case Information Sheet   Doc ID# 2 | | |
| 03/16/2017 | Citation | | |
| | Metropolitan Lloyds Insurance Company of Texas | Served<br>Response Received<br>Returned | 03/27/2017<br>04/06/2017<br>03/27/2017 |
| 04/06/2017 | Answer   Doc ID# 4 | | |



EXHIBIT A

El Paso County - County Court at Law 3

Filed 3/14/2017 11:03:30 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0862

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS AND CLAUDINE ORTEGA | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | ___ JUDICIAL DISTRCT COURT |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF | § | |
| TEXAS AND FRANK SAVAGE | § | EL PASO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LUIS AND CLAUDINE ORTEGA hereinafter called "Plaintiffs," complaining of METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

### I.
### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiffs is an individual residing in El Pasi County, Texas. Discovery should be Level III.

Defendant, **METROPOLITAN LLOYDS INSURANCE COMPAY OF TEXAS** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving for service of process, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**. Service is requested by certified mail, return receipt requested at this time.

Defendant **FRANK SAVAGE** is an individual residing in and domiciled in the State of Texas and is authorized to engage in the insurance business in the State of Texas. This Defendant may be served with personal process by certified mail, return receipt requested at his principal place of business at **7301 Metro Circle Dr., Austin, Texas 78744** or wherever she may be found.

1

II.

## AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendants, in that they purchased insurance from said entity and/or service to be provided by it. Said Defendants are an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendants constitutes persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, are Plaintiffs' homeowners' insurance companies. The actions set forth in this complaint were committed by the Defendants, or its actual or apparent agents. Plaintiffs own and reside in a dwelling at **4510 Honey Willow Way, El Paso, Texas, 79922.** Defendant provided coverage to the Plaintiffs under a Homeowners' policy, for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of storm damage, including but not limited to damage from wind and/or hail and damages resulting therefrom, and Plaintiffs promptly and timely and properly reported same to Defendants pursuant to

the terms of the insurance policy. **Plaintiffs gave timely notice of the facts of loss and Defendants assigned claim numbers JDG3434104 for date of loss 10/20/15.**

Defendant METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS assigned Defendant FRANK SAVAGE as the individual adjuster on the claim. Adjuster FRANK SAVAGE and those working at his direction conducted a substandard investigation which is evident in the estimate provided and correspondence from Defendants to Plaintiffs. FRANK SAVAGE and those at his direction spent an inadequate amount of time at the subject residence, totaling approximately thirty minutes. No attic inspection was performed and no testing for wind damage to shingle adhesive strips or felt was conducted. As a result, it is evident from his report that he failed to include many of Plaintiffs' covered damages which would have been apparent upon proper inspection. Despite obvious storm damage to various portions of the home, FRANK SAVAGE improperly denied policy benefits by minimizing scope and improperly denying causation. Defendant FRANK SAVAGE misrepresented to Plaintiffs that such damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

FRANK SAVAGE misrepresented the policy provision in correspondence to the insured in order to misinform Plaintiffs and reduce their understanding of their rights under the policy below what was actually covered by the policy. Exclusionary language clearly inapplicable to the loss or claim was cited by FRANK SAVAGE in order to convince Plaintiffs their loss was not covered in whole or in part, when in fact it was a covered loss. As such, Defendants knowingly or recklessly made false representations, as described, as to material facts and/ or knowingly concealed all or part of material information from Plaintiffs.

V.

The Plaintiffs' home sustained damages caused by the wind/hail peril, including damage to the roof and architectural finishes. Damages include the cost of construction, repairs, and restoration of the home, necessary to repair the damages to Plaintiffs' residence. These constituted covered damages

3

under Plaintiffs' homeowners' insurance policy with the Defendants, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS.

VI.

Defendants, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE, and its adjusters have had ample opportunity to inspect Plaintiffs' property, in connection with Plaintiffs' claim for property damage. Defendants knew or should have known that Plaintiffs had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE were also made aware of the need to perform repairs to the damages to Plaintiffs' home as a result of the wind and/or hail storm. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE knew that a substantial covered loss was owed. Nonetheless, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE denied, delayed, grossly underpaid, and/or failed to properly investigate some or all of Plaintiffs' covered losses with no reasonable basis. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE have failed to act promptly or to a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendants have failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and

4

investigate, Plaintiffs was forced to file suit to seek the policy benefits to which they are entitled. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE knew that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

VIII.

Such denials, delays, refusals and/or failures to pay by METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE was in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiffs, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claims for damage, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Defendant conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendants, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendants, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE, amounts to one or more of the following:

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

(c) failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

5

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

(f) refusing to fully pay a claim without a reasonable basis in violation of common law;

(g) delaying full payment of a claim without a reasonable basis in violation of common law;

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs and others similarly situated. Such conduct of METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE was negligent and tortuous. The conduct of METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE constituted negligent misrepresentation of fact, or actionable fraud. The conduct of

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE proximately caused the injuries and damages to the Plaintiffs for which they sue.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendant liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred.

XI.

Defendant has, by its conduct, breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs including consequential damages. In addition, Plaintiffs is entitled to recover attorney's fees in connection with Plaintiffs' contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

Defendant owes the Plaintiffs significant sums for known losses. Further, under the contract of insurance, the Defendant owes the Plaintiffs reasonable compensation for additional living expenses because repairs to be performed to their residence and required by the above losses will require that they incur living expenses over and above those normally incurred while residing in the home.

XIII.

The conduct of METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiffs and Plaintiffs' attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE' conduct was malicious and fraudulent, and therefore, Plaintiffs seeks punitive damages.

XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendant liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred, or compliance with said notice is excused, or rendered impractical due to the approaching statute of limitations on this matter. More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to the Defendant, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiffs complied with all terms and conditions of the policy, but their claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiffs and leave them free to sue for those benefits to which they are entitled that were denied or underpaid.* In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is estopped from asserting them, and/or the Plaintiffs substantially complied with them. Plaintiffs makes the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to said Defendant.

XV.

As to any exclusion or endorsement relied upon by the Defendant, Plaintiffs would show that such is void and does not form a portion of Plaintiffs' insurance policy with Defendants METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS. The reason this is so includes, but is not limited to the following:

   (a)   there is no consideration for such exclusion;

   (b)   such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

   (c)   such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is

8

void as against public policy;

(d) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

(e) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f) such exclusion is adhesive;

(g) any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

(h) the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiff(s)' policy with Defendant(s). In particular, such cancellation of a portion of Plaintiff(s)' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i) the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

(j) In the alternative, any other construction of the language of the policy is void as against public policy;

(k) In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff(s);

(l) In the alternative, Defendant(s) is/are judicially, administratively, or equitably estopped from denying Plaintiff(s)' construction of the policy coverage at issue;

(m) In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff(s) plead(s) the doctrine of mutual mistake requiring reformation.

(n) Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o) The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

XVI.

Plaintiffs assert all statutory claims, demands, and causes of action assertable under state law

from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas Insurance Code causes of action against METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS at this time for actual damages and attorney's fees Chapter 542 penalties. Plaintiffs seeks from METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use and enjoyment of the home.

## XVII.
## DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone: (210) 910.4501
Telecopier: (210) 910.4513

By: /s/ *Thomas M. Furlow*
THOMAS M. FURLOW
State Bar No. 00784093
Email: tfurlow@furlowlawfirm.com
ATTORNEY FOR PLAINTIFFS

## PLAINTIFFS' REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;
(b) the name, address, and telephone number of any potential parties;
(c) the legal theories and, in general, the factual basis of Plaintiffs' claims;
(d) the amount and any method of calculating economic damages;
(e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
(f) for any testifying expert:
  (1) the expert's name, address and telephone number;
  (2) the subject matter on which the expert will testify;
  (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiffs, documents reflecting such information;
  (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiff:
    (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
    (B) the expert's current resume and bibliography;
(g) any indemnity or insuring agreements;
(h) any settlement agreements, described in Rule 192.3(g);
(i) any witness statements, described in Rule 192.3(h);
(j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
(k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

11

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to the Furlow Law Firm, PLLC 1032 Central Parkway South, San Antonio Texas 78232.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:   (210) 910.4501
Telecopier:   (210) 910.4513


By:___*/s/ Thomas M. Furlow*___
    THOMAS M. FURLOW
    State Bar No. 00784093
    Email: tfurlow@furlowlawfirm.com
    ATTORNEY FOR PLAINTIFFS

El Paso County - County Court at Law 3

Filed 4/6/2017 10:39:55 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0862

CAUSE NO. 2017DCV0862

| | | |
|---|---|---|
| LUIS ORTEGA AND CLAUDINE ORTEGA, | § § § | IN THE COUNT COURT |
| Plaintiffs, | § § | |
| v. | § § | AT LAW NO. 3 |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND FRANK SAVAGE, | § § § § § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1. **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.  the dwelling owned by **you** on the **residence premises**; and
    B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

\* \* \*

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
We cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

**COVERAGE C - PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for *sudden and accidental direct physical loss*.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2. **Windstorm or Hail**
   We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

   D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

      1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3. We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

   A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2. **What you Must do After a Loss.** We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

   A. Promptly notify **us** or **our** representative.
   ...
   B. Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
   C. Cooperate with us in the investigation of a claim.
   ...
   E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:
      1. show **us** the damaged property;
      2. submit to questions concerning the loss under oath while not in the presence of any other person defined as "**you**", and sign and swear to the answers; and
   ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and based upon information and belief, have not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By: *[signature]*
Dennis D. Conder
State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of April, 2017, a copy of the foregoing was delivered to Plaintiffs' counsel of record in accordance with the Texas Rules of Civil Procedure.

*[signature]*
Dennis D. Conder

PAN/PLDG/583697.1/001466.17979